PEOPLE v. DILLON.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

HOMICIDE (§ 255*)—EVIDENCE—MANSLAUGHTER.

　　Evidence *held* sufficient to sustain a verdict of manslaughter in the first degree.

　　[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 539–541; Dec. Dig. § 255.*]

Appeal from Trial Term.

James Dillon was convicted of manslaughter in the first degree, and he appeals. Judgment of conviction affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and CARR, JJ.

Florence J. Sullivan, for appellant.
John F. Clarke, Dist. Atty., for the People.

RICH, J. The defendant, who was a police officer of the city of New York, on Sunday morning, May 2, 1909, shot and killed Louis Probber, a young man 19 years of age. He was indicted for the crime of murder in the second degree, and upon a trial was convicted of the crime of manslaughter in the first degree. From the judgment of conviction this appeal is taken.

Isaac Probber, the father of the deceased, was the proprietor of a grocery store in the neighborhood where defendant was assigned to duty as patrolman. There is evidence tending to show that on the evening before the killing defendant called at the store and asked deceased for some eggs, which were not given to him; that the following morning (Sunday) he called at the store again, and demanded that the vegetables exposed for sale on the sidewalk be taken inside. Deceased's father started to comply with this direction, but before he had finished the task he was placed under arrest by the defendant. It was claimed by persons in the store at the time that the arrest was unreasonable, and during an altercation which followed the defendant choked his prisoner, whereupon deceased telephoned police headquarters in the hearing of defendant, requesting that an officer be sent to the store to arrest a drunken policeman. As the boy turned from the telephone, the defendant shot him dead.

On the part of defendant, some evidence was given tending to show that the killing was done while he was acting in self-defense. The evidence as to what occurred at the time is conflicting; but, after giving it most careful consideration, I am convinced that the killing was without provocation, and that the verdict is supported by the evidence. The argument of the learned counsel for appellant has had our careful consideration; but we can find no good reason for interfering with the action of the learned trial court. Indeed, we regard the defendant as fortunate in escaping conviction for the crime charged against him.

The judgment of conviction must be affirmed. All concur.